ALEXANDER R. METCALFE v. SYDENHAM FLAGG
MILLER ET AL.

96  459
117  30
117  31

*Partition—Who may maintain—Reversioner.*

A husband who purchases an interest in the life-estate of his wife in land of which she is in possession, and an undivided interest in the reversion, cannot maintain a bill for the partition of the land as against the other reversioners.

Appeal from Wayne.    (Gartner, J.)    Argued June 20, 1893.    Decided July 25, 1893.

Bill for partition.    Complainant appeals.    Decree affirmed. The facts are stated in the opinion.

*John G. Hawley,* for complainant.

*C. A. Kent,* for defendants James A. and Oliver S. Miller.

*Frank P. Guise,* for defendants Robert M. Chamberlain and B. G. Miller.

McGRATH, J.    This is a bill for partition.

Samuel Miller died in 1881, seised of certain real estate. He left a will, by which he devised to his "heirs at law, as the same would be distributed by the law of descent of the State of Michigan as said law now is." Decedent left a widow, but no issue.    In the settlement of the estate, the interest of his widow, Mary A. Metcalfe, now the wife of complainant, and one of the defendants herein, was determined by the following order of the probate court:

"That the use, net income, rents, and profits of the real estate, or interest therein, of which the said testator died seised, except such as may be sold under the order of this court for the payment of any debts existing against said

estate, under the provisions of the will of the testator or otherwise, and the possession of such real estate, shall be decreed to belong to and be the property of the said Mary A. Miller, for and during the period of her natural life, subject, however, to the payment of all taxes or assessments against the said property, and all necessary expenses to keep said property in repair and condition."

Complainant has since purchased one seventy-second part of the reversion, and one-fifth of the life-estate.

Mary A. Metcalfe filed an answer, admitting the matters set forth in the bill, and joining in the prayer thereof. Certain of the reversioners answered, denying complainant's right to partition.    The court below dismissed the bill, and complainant appeals.

At common law, estates in remainder or reversion could not be compulsorily partitioned, nor could tenants in remainder or reversion interfere with tenants in possession. After the statutes of Henry VIII., partition was only allowed when there was an actual tenancy or holding of the parties to the writ, and when any of the parties were seised or possessed of a particular estate for life or for years the partition was necessarily temporary only, and commensurate with their estate.    To make the partition absolute, another writ against the remainder-man was necessary when his estate fell into possession.    Our statute relating to the partition and distribution of estates in the probate court follows the rule which succeeded the adoption of these statutes.    How. Stat. § 5983 (being section 21, chap. 226), expressly provides that—

" When the term of a widow entitled to dower or other life-estate in the lands of a deceased person shall expire, the reversion may be assigned to the persons entitled to the same, and partition thereof be made in the manner prescribed in this chapter in relation to other estates of deceased persons."

How. Stat. § 7850 (being section 1, chap. 270), providing for partition in equity, is as follows:

"All persons holding lands as joint tenants or tenants in common may have partition thereof in the manner provided in this chapter."

Section 7852 provides that—

"Such suit may be maintained by any person who has an estate in possession in the lands of which partition is sought, but not by one who has only an estate therein in remainder or reversion."

These chapters relate to the same subject,—the partition of estates,—and must be construed with reference to each other. Chapter 270 was designed to give to courts of equity jurisdiction in partition cases.

"The mischief," says Mr. Freeman, "attending the ownership of estates in cotenancy, which the various statutes of partition were intended to avoid, was that which arose from disputes in regard to the occupancy of lands. * . * * Through the operation of the writ of partition, it was intended that the undivided possession should be severed, and that each person having the right to be in possession of the whole property should exchange that right for one more exclusive in its nature, whereby, during the continuance of his estate, he should be entitled to the sole use and enjoyment of some specific purparty." Freem. Coten. & Part. § 440.

It will not be contended that, prior to the division of the life-estate, its owner could have demanded partition as against the reversioners. There was no concurrent holding. The action is in its nature possessory. Its object is to distribute the possession between those entitled to possession. It is an adversary suit. *Seiders v. Giles*, 141 Penn. St. 93 (21 Alt. Rep. 514). She had an estate in possession. If she had purchased an interest in the reversion she would still have been the sole owner of the estate in possession.

Tenants in common are persons who hold by unity of possession. 4 Kent, Com. 367. Where two or more persons are entitled to land in such a manner that they have an undivided possession, but several freeholds, they are ten-

ants in common. The only characteristic common to tenants in common is that of undivided possession. 2 Rap. & L. Law Dict. 1256. Not only is the possession of one the possession of all, but the tenants respectively have the present right to enter upon the whole land, and upon every part of it, and to occupy and enjoy the whole. It is in this sense that the term "tenants in common" is used in the statute. A reversioner has neither actual nor constructive possession, or the right to either, but has simply an estate in expectancy, the life-estate intervening. The owners of the life-estate are holders as tenants in common, and, as between them, partition may be had; but it does not follow that either is entitled to a partition as against the reversioners.

Complainant and his wife are the owners of the particular estate. That estate must stand alone, subject to its advantages and disadvantages, and may be sold if not divisible. The object of the statute was not to subject the reversion to the burdens or infirmities of the particular estate, but to enable joint tenants or tenants in common, or persons having an undivided possession, to have partition between themselves. One of the reasons that the statute requires the petition to set forth the rights and titles of all persons interested is to enable the court to determine the very question which we have been considering.

The decree of the court below is affirmed, with costs to defendants.

The other Justices concurred.