.Estates of Decedents—Vested Rights—Statutes.

>  B. died intestate, being possessed of personal property of great
> value.  His wife survived him one year, and upon her death
> left her share of the estate to be divided among several lega-
> tees.   A contest over the will was compromised, the will being
> set aside, and the manner of distribution of the estate agreed
> upon.  B., 21 years before his death, had taken a lease of cer-
> tain real estate for 100 years.  The lessor's estate agreed,
> after various negotiations, to sell their rights under the lease
> and the fee of the land for a lump sum.  The probate judge,
> upon application of the administrator of B.'s estate, author-
> ized the purchase, claiming power to enter the order under
> Act No. 11, Pub. Acts 1897, which provides that, in case any
> continuing claim shall be made against the estate of a de-
> ceased person for rent under a lease, the administrator may,
> by and with the consent of the probate judge, compromise
> the claim, and may, in effecting the compromise, if neces-
> sary and if so ordered by the judge of probate, purchase the
> real estate covered by the lease, in which case the property
> so purchased shall be disposed of and distributed as person-
> alty.  *Held,* that the enactment and application of the statute
> did not deprive the heirs of the wife of B. of rights vested
> under their agreement, even though the agreement contem-
> plated a conversion into money of all personal property be-
> longing to the estate.

Error to Wayne; Frazer, J.   Submitted June 17, 1897.
Decided July 13, 1897.

George L. Beecher and Luther S. Trowbridge, admin-
istrators of the estate of Luther Beecher, deceased, peti-
tioned the probate court for leave to compromise a claim
interposed against the estate for rent under a lease, by
purchasing the premises described therein.   The petition
was granted by the probate court, and John Atkinson,
administrator of the estate of Mary W. Beecher, deceased,
and Charles H. Wilkins and others, legatees of said Mary

W. Beecher, appealed to the circuit court. From a judgment for petitioners, the administrator and legatees bring error. Affirmed.

The following is a concise statement of the case, made by the administrators of the estate of Luther Beecher:

"Luther Beecher, in his lifetime, obtained from the estate of Eliza F. Biddle a lease of the Biddle House hotel property in Detroit, running for 100 years from July 1, 1871, with a provision for an extension for 100 years more, at the lessor's option. The lease fixed the exact rental for the first 10 years. For each succeeding period of 10 years the rental was to be determined as follows: The value of the building was estimated to be $100,000, and Mr. Beecher agreed to pay 5 per cent. of this sum, annually, to wit, $5,000, and also to pay 5 per cent. upon the appraised value of the land, as well as all taxes, insurance premiums, etc. For the current period of 10 years, the land was appraised at $100,000. The current rental, therefore, amounts to $10,000, and taxes, etc. Mr. Beecher also agreed to maintain buildings of the value of at least $100,000, and to carry insurance of that amount. At present the administrators are unable to procure more than $60,000 of insurance. The present expenses for the year, including rent, are about $16,000. There is no income from the property at the present time, and it is unlikely to be rented. The claim of the Biddle estate upon the lease was allowed by the commissioners on claims as a continuing liability, and is an existing incumbrance. The real estate of the Luther Beecher estate is subject to the lien of this claim, and a large part of the personal estate must be retained to meet the exigencies of the lease. The lease is a very serious obstacle to the final distribution of the estate. There have been various negotiations towards a settlement, which have eventuated into a proposition from the Biddle estate to sell their claim and the fee of the land for $250,000. The administrators, believing it wise, petitioned the probate court for leave to compromise on this basis. Their petition was granted, and the probate order was affirmed in the circuit court. Mr. Luther Beecher died in September, 1892, intestate, leaving about $300,000 of real estate and about $1,400,000 of personal estate. His heirs were his only child, George L. Beecher, born of his first wife, and his widow, Mary

W. Beecher.   The real estate descended entirely to his
son; the personal estate went in equal shares to the son
and the widow.   In the spring of 1893 she died, leaving
a will, under which, as it was modified by the circuit
court, her estate passed in varying sums to her own
relations, 23 in number.   John Atkinson is the ad-
ministrator of her estate, and as such takes no decided
stand upon the issue, as two-fifths of the distributees of
her estate desire an affirmance, and three-fifths oppose it.
His own personal view is in favor of it.   As Mr. George
L. Beecher desires the compromise, there are about seven-
tenths in favor of it."

The statute under which the court proceeded was passed
and went into effect February 11, 1897.   It was an
amendment to section 5932, 3 How. Stat.   The section,
so amended, reads as follows, the amendment being
printed in italics:

"If any person shall be liable as security for the
deceased, or have any other claim against his estate which
cannot be proved as a debt before the commissioners or
allowed by them, the same may be presented, with the
proper proof, to the probate court or to the commissioners,
who shall state the same in their report, if such claim
shall be presented to them; and in case such claim shall
be made against such estate by reason of any bond or
agreement of any kind in writing, signed by the deceased,
and binding him to pay any certain sum or sums for the
support of the claimant for the lifetime of such claimant
(*or for a term of years*), *or to perform certain work
for another, for the nonperformance of which his
estate is liable, or binding deceased to pay any sums
as rental during a lease*, the administrator of said estate,
by and with the consent of such claimant and the approval
of the judge of probate, may compromise and settle such
claim in such manner as shall be just and shall be deter-
mined by said judge of probate or probate court, and the
same so determined shall be paid as other debts of said
deceased; *and the administrator, in effecting such com-
promise, is empowered, if necessary and if so ordered
by the judge of probate, after such notice as he shall
direct, to purchase the real estate covered by the lease,
and, in case of the purchase of real estate as above
provided, the same shall be treated as personal prop-
erty in the hands of the executor or administrator,*

*and disposed of and distributed as such. This act is ordered to take immediate effect."* Act No. 11, Pub. Acts 1897.

The circuit court found that the probate court had the power to make the order under the act of February 11, 1897, and also under the law as it existed before the passage of that act.

*Henry A. Haigh,* for appellant John Atkinson.

*De Forest Paine,* for appellants Charles H. Wilkins and others.

*Edwin F. Conely* and *Orla B. Taylor,* for appellees Mary G. Wilkins and others.

*Gray & Gray,* for appellees administrators of Luther Beecher's estate.

GRANT, J. (*after stating the facts*). Three large estates are interested in this proceeding, and, unless the administrators are empowered to make a settlement under the order of the court, the estates must be kept open, at great expense, and probable loss, to the two Beecher estates, for an indefinite period. Two of the estates assent to the order. The administrator of Mrs. Beecher's estate assents so far as he can do so, and two-fifths of those interested in her estate have also assented. A contest was made over the will of Mrs. Beecher, which was finally compromised by all the legatees, her will set aside, and the estate agreed to be distributed under a judgment of the circuit court made by consent. This agreement, as embodied in the judgment, evidently contemplated a conversion of all the personal property into money, and a distribution thereof to the various parties interested. It is apparent, not only from the facts themselves as shown in the record, but also from the testimony of disinterested and experienced witnesses, that the order is for the best interests of all concerned.

The question presented is one simply of power. The learned counsel for the appellants contend that the rights of those interested in Mrs. Beecher's estate have become

vested, that there was no power under the former law to make the order, and that the act under which it was made, if applied to this case, is retroactive. The law is not in dispute, and is correctly stated by counsel for appellants, as found in *Todd* v. *Boards of Election Com'rs,* 104 Mich. 478, and the many other authorities cited by them. The only difficulty is to be found in the application of the law. Undoubtedly, the appellants and the other parties interested in Mrs. Beecher's estate are entitled to have it distributed in accordance with the terms of their agreement. In this respect they technically may be said to have vested rights. Their right to possession or enjoyment is not vested, and may never be. The estate may be kept open, and several hundred thousand dollars' worth of property kept in the hands of the administrators at large expense for 74 years,—beyond the life of any of those interested. The statute authorizes a compromise of such claims, and the purchase of the real estate by the administrator, whenever the probate court shall find it for the best interests of all concerned to do so. The real estate so purchased is to be considered as personalty, and must be distributed as other personal property. The statute simply provides a remedy to meet such a state of affairs. It applies to an existing condition, and does not overturn or conflict with vested rights. It provides for a compromise and settlement of contingent claims against an estate, and in doing so authorizes the court to sanction a purchase of the leased land. It is simply changing some of the property in the hands of the administrators into other property, when such change shall be determined to be for the best interests of all parties. We think the amended act is applicable to this case, and that the court possessed the power to make the order. It is unnecessary to determine whether the power existed under the former statute.

The judgment is affirmed. Under the circumstances, we think no costs should be allowed.

The other Justices concurred.