BIDDLE *v.* BIDDLE.

PARTITION—ESTATES—PARTIES.

One of the several owners of an undivided interest in lands in possession may maintain a bill for a partition, under 2 How. Stat. chap. 270, agains this co-tenants, joining as defendants —by reason of their having independent interests which may be affected by the [proceeding—the· tenants for life of the other undivided interests and all the remaindermen in being, though, by the terms of the will under which the several interests were acquired, persons not yet in being may be entitled to an interest in the remainders at the termination of the life estates.

Appeal from Wayne; Donovan, J. Submitted April 19, 1898. Decided May 10, 1898.

Bill by Louisa Biddle against William S. Biddle, executor of the last will and testament of Eliza F. Biddle, deceased, and others, for a partition of real estate devised under said will. From a decree for complainant, an appeal was taken by one of the defendants, Eliza B. Williams, for the purpose of obtaining the sanction of the Supreme Court to the proceedings. Affirmed.

*Sidney T. Miller*, for complainant.

*Gray & Gray*, for appealing defendant.

*James C. Smith, Jr.*, for other defendants.

MOORE, J. This case grows out of some questions which arose in an effort to make a contract authorized by a decree made in the case of *In re Beecher's Estate*, 113 Mich. 667, and a reference to that case may be profitable in considering this. An agreement was entered into between the representatives of the estate of Luther Beecher, and the owners of the Biddle House, in Detroit,

the heirs of Eliza F. Biddle, for its purchase by the first-named parties. It was proposed to give a deed signed by the three surviving children and by the sixteen grandchildren of Mrs. Biddle, all of whom are of age. It was said there was a vested salable title only as to an undivided fourth of the property, and the sale was not completed. This bill was then filed for a partition of the property. Because of the character of the building, a partition can be made only through a sale.

At the time of her death, Eliza F. Biddle was duly seised of the property, and devised the same by will to her four children, each to hold an undivided one-fourth for life. Upon the death of each life tenant, one undivided one-fourth was devised to the grandchildren of the testatrix then living (without regard to representation), or to the issue then living of any deceased grandchild (by right of representation). It was also expressly provided that no grandchild or great-grandchild should take a vested interest until the death of each life tenant, each one-fourth thereupon vesting. Edward J. Biddle, one of the life tenants, died, leaving five children, all now living. There were then, and still are, sixteen grandchildren, all of age, who thereupon became seised of an estate in fee and in possession of an undivided one-fourth of the property, each owning an undivided one sixty-fourth of the whole.

The parties to this suit are all of the living descendants of Eliza F. Biddle, being her three surviving children, her sixteen grandchildren, and the wives of the four grandsons who are married, and the twenty-two great-grandchildren, who are all minors. Rosa Doran is a party defendant, because the will gives her an annuity of $500 from the rents. Sidney T. Miller and the administrators of the estate of Luther Beecher are brought in, because they hold, one a mortgage upon, and the others a leasehold interest in, the property involved in the partition. Of the three life tenants, one was brought in by publication, and two appeared voluntarily. Of the fifteen grand-

children, defendants, one was personally served with process, eleven were brought in by publication, and three appeared voluntarily. Of the four wives, two were brought in by publication, and two appeared voluntarily. Of the twenty-two infant great-grandchildren, eleven were served with process, and the other eleven, being beyond the reach of process, were brought in by publication. Rosa Doran was brought in by publication, and Sidney T. Miller and the administrators of the Beecher estate entered appearance voluntarily. All of the adult defendants were represented in court except Rosa Doran and Stratford Biddle, against whom a default was taken. Upon a showing of the infancy of the twenty-two great-grandchildren, the court appointed Felix A. Lemkie as guardian *ad litem*. The proofs were taken in open court, in the presence of the guardian *ad litem* and all the counsel, none of whom controverted the facts alleged in the bill. The court below ordered a sale and partition of the property, from which decree Eliza B. Williams appeals.

It is conceded by all the solicitors that there would be no doubt about the jurisdiction of the court to make the decree which was made had it not been for the decision in *Metcalfe* v. *Miller*, 96 Mich. 459 (35 Am. St. Rep. 617). We think the cases are distinguishable. In the *Metcalfe Case* it was shown that Mrs. Metcalf owned four-fifths of a life estate. Her husband owned one-fifth of the life estate and one seventy-second part of the reversion, all of which reversion was subject to the life estate. Mr. Metcalfe filed his bill for partition, not simply of the life estate, but of the whole estate, in which his reversionary interest did not vest until the life estate had passed. In that case it was said that the owners of the life estate were holders as tenants in common, and that, as between them, partition might be had; but that it did not follow that they were entitled to it against the reversioners. In this case the property was of such a character that it could not be divided by metes and bounds. Mrs. Biddle gave to each

of her children an undivided fourth of the property for life, with remainder over. Upon the death of any one of the four children of Mrs. Biddle, his interest vests in all of the grandchildren of the testatrix. If any grandchild die leaving descendants, they take by right of representation. Edward J. Biddle, son of Eliza F. Biddle, has died. At his death there were sixteen grandchildren, all of whom yet live. They at once, by the terms of the will, became vested in fee with the quarter interest held during his life. One of them has filed the bill for partition, asking for her one-sixteenth of the quarter in fee, in possession. She asks partition among the sixteen grandchildren who own the quarter interest in common. The other parties to the suit are brought in as having interests in the premises which may be affected by the proceeding.

The proceeding is brought under the provisions of chapter 270, 2 How. Stat., and the interests of these parties are fully protected by the decree, from which none of them appeal. The interest of each grandchild is the same as the interest of any other one. As to the one-fourth interest sought to be partitioned, they are tenants in common and in possession. It was stated in *Metcalfe* v. *Miller*, *supra*, that "the object of the statute was * * * to enable joint tenants, or tenants in common, or persons having an undivided possession, to have partition between themselves." See, also, 2 Barb. Ch. Prac. (2d Ed.) book 5, chap. 9, §§ 1, 2. As to the one-fourth interest sought to be partitioned in this proceeding, the life estate was extinguished by the death of Edward J. Biddle. The other three children of Mrs. Biddle had no interest in it. The sixteen grandchildren were the reversioners. Their interests were in common.

The decree is affirmed. As all the grandchildren are alike interested in having this question settled, the costs will be paid by the estate belonging to them.

The other Justices concurred.