## PARTITION OF LIFE ESTATES.

Common Pleas Court of Hamilton County.

SARAH BACHSCHEIDER v. NICHOLAS BACHSCHEIDER ET AL.

Decided, April Term, 1921.

*Duration of Estate not a Test as to Right of Partition—But may Determine the Character of Partition to be Decreed.*

An owner for life of an undivided interest in real estate may compel partition, but the decree will be limited to partition of the life estate and can not extend to the entire fee simple title, unless one or more of the owners of the fee join in a prayer for partition of the fee.

*John A. Scanlon,* for plaintiff.
*Burch & Peters,* contra.

MATTHEWS, J.

This is an action in partition. The plaintiff alleges that she is the owner of an undivided one-third interest for her life time in the premises described.

The defendants own the entire fee simple title, subject only to the plaintiff's life estate. They have demurred to the plaintiff's petition on the ground that the owner of a life estate in an undivided interest is not entitled to maintain an action in partition.

Section 12026, General Code, provides that,

"Tenants in common and coparceners, of *any estate* in lands, tenements, etc., may be compelled to make or suffer partition."

It seems to the court clear from this language that if the plaintiff and the defendants are cotenants, and the plaintiff has a present right to possession, right to partition exists. *Tabler* v. *Wiseman,* 2 Ohio St., 208, at 211. The statute does not limit the right of partition to tenants in common who own the fee simple titles, nor does it limit it to tenants in common whose estates are of the same duration. The only condition imposed by the statute, as construed in *Tabler* v. *Wiseman,* which was

approved and followed in *Eberle* v. *Gaier,* 89 Ohio St., 118, is, that the plaintiff and defendants shall be cotenants, and the plaintiff entitled to possession so that the decree might operate upon the present possession.

In Pomeroy's Equity Jurisprudence, Vol. 5, 2 ed., Section 2131, at page 4799, it is said:

"A tenant for life or for years may, either at law or in equity, enforce partition of the particular estate, and in equity may make the owners of the future estate parties, and have such a decree as will fairly adjust all the interests in the estate."

It seems to have been uniformly held that a co-tenant of an estate for years, for life, or of any other estate in lands, might compel partition, and the language of our own statute expressly authorizes it.

A question of somewhat more difficult determination is as to the extent of the title to be partitioned, in the event that the plaintiff owns less than the entire fee simple. The question stated concretely, is, can the plaintiff, owning a life estate in an undivided one-third of the property, compel a partition of the entire fee simple title? Assuming that the plaintiff has a right to compel partition of the estate to the extent that she holds the title in common with the defendants, has she the right to cut the title beyond her own estate and to the limit of the fee simple estate in remainder held by the defendants? It is clear that if an actual partition were made, its effect would be only to give to the plaintiff a life estate in severalty in one-third of the property, and would not affect the title beyond the life estate. Has she a right to compel a sale of the entire fee simple estate and secure the estimated value of her life estate in an undivided one-third, out of the proceeds of sale?

In the case of *Baring* v. *Nash,* 1 Vesey and Beames's Reports, 550, the plaintiff alleged in his bill that he was a lessee in possession of an undivided one-tenth part of certain premises for the remainder of a term of five hundred years, and that the defendants were seized in fee simple, or "otherwise well entitled to nine other tenth parts of the same property."

The defendants demurred to the bill on the ground that their title was not set out with sufficient certainty, and it was argued that it did not appear that the parties owned the fee simple estate and that partition could not be ordered. The court at page 552, says:

"The other ground of demurrer, alleged *ore tenus,* brings forward a much more important question, whether a bill for partition can be maintained by a person, having only a limited interest, by a term of five hundred years in one-tenth part. * * * It is said, that without the owner of the inheritance of this tenth part, in which the defendant has the term, the court has not before it all the parties interested in the subject; and therefore can not make an effectual decree for a complete partition of the whole estate, binding all parties interested in the estate."

And on page 553, the court says:

"It is clear, the absolute owner of a tenth part may compel the owners of the other nine to concur with him; and there would be no objection from the minuteness of this interest, the inconvenience, or the reluctance of the other tenants in common, if no objection could be taken to the plaintiff's title: partition being matter of right: whatever may be the inconvenience and difficulty * * * and the habit of the court is not to give costs to the hearing, and to divide the expense of the conveyance and partition in proportion to the interests.

"The question is, whether the lessee for years of one-tenth part has the same right and equity against the owner of the inheritance of that tenth; and clearly the lessee has not the same right to compel that owner to concur. As between the lessee and the remainder-man in fee they are not as tenants in common. They between them represent the absolute interest in that tenth part; but each has a separate, independent interest; and the proceeding of the one can neither avail, nor bind, the other. As the owner of the inheritance therefore can not be compelled to join at the instance of the lessee, a permanent partition can not take place, if the owner of that tenth part will not concur. If therefore he was a party no relief could be prayed against him; nor would he be bound by the partition: or any right of his precluded to consider the freehold as undivided notwithstanding any division of the temporary interest. For that purpose the owner of the inheritance of this share is not a necessary party,

"Still, however, the question remains, whether the owner of the inheritance not being a party, a court of equity will grant a partition at the instance of the lessee for years. * * *

"Therefore both upon principle and authority this plaintiff's title to the term being clear, and liable to no objection, he is under no necessity of making the owner of the inheritance of this tenth share a party; nor would it be proper to do so; against whom no relief could be had, and the discovery would be useless. The plaintiff is therefore entitled to the same partition here to which he would clearly under the statute be entitled at law."

In *Jameson* v. *Hayward,* 106 Cal., 682; also reported in 46 American Rep., 268, it was held, as stated in the syllabus:

"Where there is an estate for years in real property held in cotenancy by the parties to the action and a reversion held by one of them only, the partition must be limited to the estate for years, and, though partition can not be made otherwise than by sale, it can not include the reversionary estate."

On page 270 the court says:

"The power of the court, in case a sale becomes necessary, is not greater, nor its discretion to be exercised different, than in cases where a partition is made. It would, we think, hardly be contended in this case that, if the court had ordered a partition of the rights of the parties to the property as tenants for years, that it would have been incumbent on it, or even proper, to have awarded to either plaintiff or defendant Brown any share or interest with Hayward in the reversion. It is hard to comprehend how it becomes any more proper to do so in the case of a sale."

It is true that in *Morgan* v. *Staley et al,* 11 Ohio 389, it was held that the owner of a life estate in the entire premises, who also owns an undivided interest in fee in the remainder could compel partition. But, in that case the question was not as to whether there was to be a temporary or permanent partition, but whether the plaintiff was entitled to maintain the action at all. If the plaintiff was entitled to maintain the action, then of course, the decree for partition would necessarily be co-extensive with the duration of plaintiff's title, and inasmuch

as the plaintiff had the complete fee simple title in an undivided interest, it was the entire fee simple title that was partitioned.

In the case of *Metcalf* v. *Miller*, 96 Mich., 459, at 462, the court says:

"The owners of the life-estate are holders as tenants in common, and, as between them, partition may be had; but it does not follow that either is entitled to a partition as against the reversioners."

In *Fitts* v. *Craddock* (144 Ala., 439), 113 Am. St. Rep., 53, the title was originally owned jointly by Berry and Craddock, each owning an undivided one-half interest. The complainant acquired Berry's interest. Craddock died leaving a will by which he devised to his wife a life estate in the property and a remainder to others, who were made parties respondent to the bill. The complainant acquired the life-estate in an equal half interest, and then filed the suit for partition. The court held that the plaintiff was entitled to compel partition, and of course, adopted the same reasoning as that found in the opinion in *Morgan* v. *Staley, supra,* and inasmuch as the plaintiff owned the entire fee simple title, the decree was that the entire fee simple title should be partitioned. In an annotation to this case on page 256, it is said:

"A cotenant of an estate in possession, though less than in fee, is generally, if not invariably, entitled to maintain a suit for partition, but his suit can not affect estates in remainder or reversion unless specially authorized by statute.   *   *   *   In a few of the states, as appears by the opinion in the principal case, such right has been created by statute, and therein a tenant of an estate in possession may compel a partition binding all interested, whether in possession, reversion or remainder."

The textwriters, among whom is Tiffany, state in general terms that a life tenant may compel partition against all parties, including remaindermen. They do not usually indicate whether the rule announced is the result of statute or otherwise, and the cases cited in support of the text were collected without

discrimination. Of the cases cited by Tiffany (2nd Ed.) Sec. 204 at page 715; *Gayle* v. *Johnson,* 80 Ala., 273; *Shaw* v. *Burs,* 84 Ind., 528; *Carneal* v. *Lynch,* 91 Va., 114, support the text and hold that on the petition of a life tenant the entire fee simple may be aparted. In *McQueen* v. *Turner,* 91 Ala., 273, *Reinders* v. *Koppelman,* 68 Mo., 482, and *Brevoort* v. *Brevoort,* 70 N. Y., 136, also cited, the plaintiff owned a title in fee to a part, and therefore are not authority for the text statement; *Eversole* v. *Combs,* 130 Ky., 82, also cited, decides exactly the contrary of the text; *Palenthorpe* v. *Palenthorpe,* 194 Pa., 270, was decided under a statute expressly authorizing a life tenant to compel complete partition. In *Field* v. *Leiter,* 16 Wyo., 1, the possessory title was actually partitioned and the question of partitioning the remainder in fee was not decided, but the court did, at page 44, cite *Metcalfe* v. *Miller, supra,* with approval. The only other case cited by Tiffany is *Gaskell* v. *Gaskell,* 6 Sim. (Eng. Ch.), 643, in which partition was not granted as a matter of right, but the case was referred to the master to determine whether a sale and reinvestment of the proceeds upon the same limitations would be for the benefit of the owners of the future estate. The court did not refer to *Baring* v. *Nash, supra,* although it had been decided only twenty-five years previously by the same court, and it is manifest that the two cases were not regarded as similar by the court.

The authorities on this subject, it will be seen, are conflicting. There is no Ohio case exactly in point. If a life tenant in part can compel partition, then a lessee for a year may do so. The result would be, that whenever an owner of the fee leased the premises he would run the risk of having the leasehold pass into the ownership of two or more in common and then being compelled to suffer partition of the entire fee simple title. It seems to the court that this would not be desirable, nor in accord with the theory of partition, and is not supported by the better reasoned decisions. The rights of the life tenant are fully protected by permitting him to compel partition of the life estate, and if the circumstances are such that he believes the entire fee should be sold, by proceeding under Section 11925, General Code.

to sell the entire fee, not as a matter of right, but in the event the court find it would be beneficial to sell it.

It is undoubtedly the law of Ohio that a person owning an undivided estate in reversion or remainder can not compel partition. Under our statutes, as under the law as it existed in England, partition was only for the purpose of enabling the plaintiff to have the possesion of a certain part of the premises set off to him in severalty, and the remedy was limited to that purpose. It would not assist the plaintiff in this case in the enjoyment in severalty of one-third of this property, to require the defendants to partition the estate in remainder that is to take effect only upon the termination of her life estate, and it is the opinion of the court that while the plaintiff is entitled to a decree in partition, it must be limited to a partition of the life estate, and can not extend to a partition of the entire ree simple title, unless one or more of the defendants join in a prayer for a partition of the entire fee simple title.

The demurrer is, therefore, overruled.