PAISLEY  *v.* UNITED PARCEL SERVICE, INC.

1. Negligence—Real Property—Liability—Control and Possession of Property.

> Liability for injuries due to defective premises ordinarily depends on power to prevent the injury and therefore rests primarily upon him who has control and possession; thus granting of third-party defendant's motion for summary judgment was proper in a third-party action by a truck owner for contribution for injuries sustained by a child when struck by one of defendant's trucks near loading dock owned by third party where the loading dock was in the possession and under the control of another, and where truck owner failed to show any proprietary interest or right to control in the third-party defendant.

2. Pleading—Grounds for Relief.

> Grounds for relief must appear, if at all, on the face of pleadings, and summary judgment is properly granted where the pleadings fail to state a claim upon which relief can be granted (GCR 1963, 117).

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 June 3, 1969, at Detroit. (Docket No. 5,604.) Decided June 24, 1969.

Complaint by Richard L. Paisley and Lillian Paisley, guardian of Mary Paisley, a minor, against United Parcel Service, Inc., an Ohio corporation, for damages sustained when Mary Paisley was run over by one of defendant's trucks. Defendant brings third-

---

References for Points in Headnotes

[1] 38 Am Jur, Negligence § 92 *et seq.*
[2] 41 Am Jur, Pleading § 342.

party action against Gulf Oil Corporation, Revco, Inc., and Charleton Holtz.   Third-party defendants'· motion for summary judgment granted.   Defendant appeals from the granting of Revco's motion. for summary judgment.   Affirmed.

*Reginald S. Johnson,* for defendant and third-party plaintiff United Parcel Service.

*Bileti & Valenti,* for third-party defendant Revco, Inc.

BEFORE: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM.   Plaintiffs brought this suit in behalf of their minor daughter for damages resulting from injury sustained by the minor daughter as the result of being struck by a truck owned by the defendant parcel service.   The accident occurred on property owned by Gulf Oil, at the rear of a store leased by Revco.   United Parcel subsequently filed a third-party complaint against the owner and operator of the gas station, Gulf Oil and Charleton Holtz, respectively, and against Revco.

Defendant United Parcel contends that, although the accident occurred on Gulf Oil property, the property was being used at that time for the use and benefit of Revco, which consequently, owed a duty to the minor plaintiff to safeguard, enclose and police the area and to prohibit small children from being on the premises.

Revco's motion for summary judgment was based on the ground that since it had no possession or right to control of the Gulf Oil property, it owed no such duty to the minor plaintiff.   The trial court ordered that the motion for summary judgment be granted

and a judgment entered in favor of the third-party defendant, Revco. Such motion for summary judgment was properly granted in favor of the third-party defendant.

Liability for injuries due to defective premises ordinarily depends upon power to prevent the injury and therefore rests primarily upon him who has control and possession. *Dombrowski* v. *Gorecki* (1939), 291 Mich 678; *Nezworski* v. *Mazanec* (1942), 301 Mich 43. Appellant has failed to show this Court any proprietary interest or right to control possessed by Revco in the property where the accident occurred.

The grounds for relief must appear, if at all, on the face of the pleadings which are attacked. GCR 1963, 117.2(1); *Meadows* v. *Depco Equipment Company* (1966), 4 Mich App 370, referring to *Durant* v. *Stahlin* (1965), 375 Mich 628.

Further, in order for the appellant successfully to resist a motion for summary judgment, he must come forward with some evidentiary proof or some statement of specific fact on which to base his case. Failing that, the motion for summary judgment is properly granted. GCR 1963, 117.2(3); *Dionne* v. *Pierson Contracting Company* (1956), 2 Mich App 134.

Affirmed.