# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of BENTLEY.

---

RUBY BELL BENTLEY,

    Appellant,

v

CAROLE HOCKEBORN, as Personal
Representative for the ESTATE OF JEFF J.
BENTLEY, SR.,

    Appellee.

UNPUBLISHED
May 26, 2015

No. 321079
Kent Probate Court
LC No. 14-194940-CZ

---

Before: DONOFRIO, P.J., and O'CONNELL and Ronayne KRAUSE, JJ.

PER CURIAM.

Plaintiff, Ruby Bell Bentley, appeals as of right the trial court's order granting summary disposition to defendant, the Estate of Jeff J. Bentley, Sr. (the estate), under MCR 2.116(C)(7) and (8) and imposing sanctions for filing a frivolous complaint. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Jeff and Ruby Bentley married in 1986 and began living separately in 2008. After concerns about Jeff's health and welfare, the trial court appointed Carole Hockeborn as Jeff's guardian and conservator in 2011. Hockeborn obtained a separate maintenance judgment.

Jeff and Ruby owned three properties on Wealthy Street in Grand Rapids, each of which had delinquent taxes. As part of the separate maintenance judgment, the trial court ordered the properties sold, with Ruby to receive 55% of the sale proceeds and Jeff to receive 45%. Ruby appealed the trial court's order, and on November 16, 2012, during the pendency of her appeal, Jeff passed away. This Court ultimately affirmed the trial court's separate maintenance judgment. *Estate of Jeff J. Bentley, Sr. v Bentley*, unpublished opinion per curiam of the Court of Appeals, issued November 12, 2013 (Docket No. 310801).

-1-

Ruby filed the complaint in this action on January 13, 2014. Ruby contended that she was entitled to the entire proceeds from the February 22, 2013 sale because Jeff died before the properties were sold,[1] she and Jeff held title to the properties as tenants by the entireties, and the separate maintenance judgment did not affect title. The estate moved for summary disposition in February 2014, contending that the separate maintenance judgment was enforceable after Jeff's death and that Ruby had no claim to Jeff's 45% of the sale proceeds. Ruby responded that the separate maintenance judgment did not change the title of the properties.

After arguments on the motion, the trial court granted summary disposition to the estate under MCR 2.116(C)(7) and (8). It determined that the prior suit barred Ruby's claims, that the separate maintenance judgment was enforceable after Jeff's death, and that the judgment transformed the tenancy into a tenancy in common. The trial court sua sponte sanctioned Ruby's attorney for filing a frivolous claim. Ruby now appeals.

## II. SEPARATE MAINTENANCE JUDGMENT

Ruby contends that the trial court improperly granted summary disposition under MCR 2.116(C)(7) and (8). According to Ruby, the trial court improperly determined that the separate maintenance judgment was enforceable after Jeff's death and that the judgment changed title of the properties into a tenancy in common. We conclude that the trial court properly granted summary disposition under MCR 2.116(C)(8).

This Court reviews de novo issues of law. *Prentis Family Foundation, Inc v Karmanos Cancer Institute*, 266 Mich App 39, 43; 698 NW2d 900 (2005). This Court also reviews de novo the trial court's decision on a motion for summary disposition. *Id*. A party may move for summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted. "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Taylor v Kurapati*, 236 Mich App 315, 359; 600 NW2d 670 (1999). The trial court must accept all factual allegations in the complaint as true and may only grant summary disposition if "no factual development could possibly justify a right of recovery." *Id*. at 359-360.

An action for separate maintenance is filed "in the same manner and on the same grounds as an action for divorce." MCL 552.7(1). The trial court may only grant separate maintenance if there is evidence of a breakdown of the marital relationship and with no reasonable likelihood that the marriage can be preserved. MCL 552.7(4).

We conclude that the separate maintenance judgment was enforceable after Jeff's death. In *Kresnak v Kresnak*, 190 Mich App 643, 645; 476 NW2d 650 (1991), the trial court granted the parties a judgment of separate maintenance that contained a property settlement, but the husband died before entry of a written judgment. The husband's personal representative sought to

---

[1] At oral argument, Ruby's counsel stated that Ruby agreed to sell the property because the offer was "a good deal." But Ruby only agreed to the sale after the parties stipulated that doing so would not impair or prejudice her claims to the property for the purposes of this appeal.

enforce the separate maintenance judgment, but the wife argued that it was no longer enforceable because he had died. *Id*. at 645-646. The trial court determined that the judgment was enforceable, and this Court affirmed. *Id*. at 644.

This Court distinguished *Tiedman v Tiedman*, 400 Mich 571; 255 NW2d 632 (1977), because unlike a situation in which a trial court has orally ordered that it will grant a divorce but a party dies before a written order is entered, when an order has been entered in an action for separate maintenance, the trial court has entered a written order. *Kresnak*, 190 Mich App at 648-649. Further, "the death of a party does not divest the court of jurisdiction to enter a judgment implementing a property settlement agreement[.]" *Id*. at 649.

This Court's opinion in *Kresnak* is controlling in this case. Like in *Kresnak*, in this case, the trial court granted the parties a separate maintenance judgment that included a property settlement. The *Kresnak* court determined that the judgment was enforceable after a party died but before the trial court entered a written order. In this case, the trial court entered the written order before Jeff died. The judgment is enforceable.

We also conclude that the separate maintenance judgment converted the title of the parties' properties into tenancies in common. "A tenancy by the entirety is a type of concurrent ownership in real property that is unique to married persons." *Tkachik v Mandeville*, 487 Mich 38, 46; 790 NW2d 260 (2010). The tenants in a tenancy by the entireties do not have separate interests in the property and are equally entitled to rents, income, profits, control, and management of the property. *Id*.; MCL 557.71. "Neither the husband nor the wife has an individual, separate interest in entireties property," and neither may convey or encumber the property without the other's consent. *Rogers v Rogers*, 136 Mich App 125, 134; 356 NW2d 288 (1984). A tenancy by the entireties has a right of survivorship and, "in the event that one spouse dies, the remaining spouse automatically owns the entire property." *Tkachik*, 487 Mich at 46-47.

While properties that parties hold as tenants by the entireties become tenancies in common if the parties divorce, MCL 552.102, there is no similar statutory provision regarding separate maintenance judgments. "Tenants in common are persons who hold land or other property by unity of possession." *Merritt v Nickelson*, 80 Mich App 663, 666; 264 NW2d 89 (1978). However, tenants in common have "separate and distinct freeholds[.]" *Id*.

In this case, the property division in the judgment of separate maintenance is not consistent with title held as tenants by the entireties. While the trial court did not specifically indicate that it had converted the properties into tenancies in common, this Court generally does not require courts to use specific words to accomplish their goals. See *Tomecek v Bavas*, 482 Mich 484, 490; 759 NW2d 178 (2008) (no specific words necessary to create an easement); *Ford Motor Co v Dep't of Treas*, 496 Mich 382, 401 n 8; 852 NW2d 786 (2014) (no specific words necessary to notify the treasury of a taxpayer's intent to claim a refund). When tenants hold property by the entireties, neither spouse is entitled to a divided portion of the whole. The separate maintenance judgment provided that Ruby was entitled to 55% of the proceeds from the sale and Jeff was entitled to 45%. By dividing entitlement to the properties into separate freeholds, the trial court effectively severed the properties' titles into tenancies in common.

We conclude that the trial court properly granted summary disposition under MCR 2.116(C)(8). The separate maintenance judgment was enforceable after Jeff's death, and it converted the parties' properties into tenancies in common. Given our conclusion, we need not address whether the trial court properly granted summary disposition under MCR 2.116(C)(7).

### III. SANCTIONS

Ruby contends that the trial court erred when it found that she filed a frivolous action. We disagree.

"Whether an action or claim is frivolous is a factual finding." *Adamo Demolition Co v Dep't of Treas*, 303 Mich App 356, 367; 844 NW2d 143 (2013). This Court reviews for clear error the trial court's finding that an action is frivolous. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). The trial court's decision is clearly erroneous when this Court has the definite and firm conviction that it made a mistake. *Id*. at 661-662.

When an attorney signs a document, the attorney certifies that (1) he or she has read the document, (2) it is well-grounded in fact and "warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and (3) the purpose of the document is not improper. MCR 2.114(D). The trial court may sua sponte sanction an attorney who signs a document that violates this court rule. MCR 2.114(E). The trial court may impose sanctions under MCR 2.114 for an action that is frivolous under MCL 600.2591. *Harrison v Munson Healthcare, Inc*, 304 Mich App 1, 40; 851 NW2d 549 (2014). One of the ways an action is frivolous is if "[t]he party's legal position was devoid of arguable legal merit." MCL 600.2591(3)(a)(*iii*). One purpose of punishing frivolous claims with sanctions is to deter attorneys from asserting claims that they have not sufficiently investigated or researched. *Harrison*, 304 Mich App at 41.

In this case, the trial court found that Ruby's action was frivolous because it was devoid of arguable legal merit. As we have discussed, the *Kresnak* case clearly holds that property settlements in separate maintenance judgments are enforceable after the death of a spouse. We also note that counsel's brief in response to the estate's motion for summary disposition cites only one case, *Tkachik*, which concerned abandonment during a marriage and did not concern a separate maintenance judgment. 487 Mich at 40. The separate maintenance judgment in this case ordered the properties sold and the proceeds divided. Counsel did not even recognize *Kresnak*, much less attempt to argue that this existing law should be modified or reversed.

We are not definitely and firmly convinced that the trial court made a mistake when it found that Ruby's claims were frivolous because they were devoid of arguable legal merit and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. The trial court had a basis from which to find that counsel did not sufficiently research the legal issues involved in this case before signing and filing the complaint.

We affirm.

/s/ Pat M. Donofrio
/s/ Peter D. O'Connell
/s/ Amy Ronayne Krause

-4-