## DEWAR v. JUETT.

1. WITNESSES — DECEDENT'S AGENT COMPETENT WITNESS AS TO LEASE—"OPPOSITE PARTY."

    In summary proceedings by the devisee of land for possession thereof, where defendants claim right of possession as lessees of plaintiff's devisor, testimony by the agent that he signed said lease for deceased in his presence and at his request, *held*, not barred as that of an opposite party by 3 Comp. Laws 1915, § 12553, said statute having no application to the situation at bar.

2. SAME—WAIVER OF PROTECTION OF STATUTE.

    Where plaintiff's counsel cross-examined one of the defendants as to matters equally within the knowledge of the deceased, thereby waiving the protection of the statute, there was no error in permitting defendants' counsel, on redirect-examination, to go further into such matter.

3. FRAUDS, STATUTE OF—LEASE SIGNED IN PRESENCE OF LESSEE AT HIS REQUEST REQUIRES NO AUTHORIZATION IN WRITING.

    A lease signed by an agent in his principal's presence and at his request, is the same as if signed by the principal himself, and, therefore, no authorization in writing is required to satisfy the statute of frauds.

4. LANDLORD AND TENANT — SUMMARY PROCEEDINGS — BURDEN OF PROOF.

    In summary proceedings for the possession of land the burden was on plaintiff to show that she was lawfully entitled to possession, and the fact that defendants gave evidence of a valid subsisting lease between themselves and plaintiff's predecessor in title did not shift the burden of proof.

Error to Wayne; Miller (Guy A.), J.     Submitted June 6, 1924.     (Docket No. 71.)     Decided July 24, 1924.

Summary proceedings by Margaret DeWar against

Toy S. Juett and another for the possession of leased premises.    There was judgment of restitution before the commissioner, and defendants appealed to the circuit court.    Judgment for defendants.    Plaintiff brings error.    Affirmed.

*Frederick Miller* (*George B. Murphy,* of counsel), for appellant.

*William Henry Gallagher,* for appellees.

CLARK, C. J.    Summary proceedings to recover possession of land under 3 Comp. Laws 1915, § 13240 *et seq.*    Defendants had judgment.    Plaintiff brings error.

1. Plaintiff owns the land as devisee of one Donald McLean.    Defendants claim right of possession as lessees of McLean under a lease in writing, signed for the lessor as follows: "Donald McLean, per James Campbell."    Campbell testified for defendants that he signed the lease for McLean in his presence and at his request.    This testimony was received over plaintiff's objection that the agent of one of the parties may not testify if the opposite party is dead.    3 Comp. Laws 1915, § 12553.    That the statute has no application to the situation at bar and that the evidence was admissible will appear by a reading of *Hocking Valley Products Co.* v. *Tackett's Estate,* 219 Mich. 623.

2. Counsel for plaintiff cross-examined one of the defendants, a lessee, as to matters equally within the knowledge of the deceased lessor.    Counsel for defendants on redirect was permitted to go farther into such matters.    This was not error.    The protection of the statute may be waived, and it was waived. *Gacesa* v. *Consumers Power Co.,* 220 Mich. 338.

3. It is said that the lease is void because it does not appear that Campbell was authorized in writing

to sign McLean's name to the lease, and that therefore the statute of frauds is not satisfied. If Campbell signed McLean's name in his presence and at his request, it is the same as if McLean himself had signed. See *Eggleston* v. *Wagner*, 46 Mich. 610.

"If the name of a party is signed in his presence and at his direction it is the same as if he had himself signed, and it is immaterial that the person so signing did not have written authority; and this is true though the signature of the principal's name expressly purports to be made by the agent signing." 25 R. C. L. p. 686.

4. The jury was instructed:

"It is the duty of the plaintiff to establish that the tenancy at the time when the suit was started had been legally terminated, and that is the point which is disputed by the defendants, and upon that point the burden of proof rests upon the plaintiff."

It is urged that the burden was upon the defendants to prove affirmatively that they held under a valid, subsisting lease. The burden was on the plaintiff to show that she was lawfully entitled to possession, that the tenancy had been terminated. See *McGuffie* v. *Carter*, 42 Mich. 497. To show that the tenancy had not been terminated and that plaintiff was not entitled to possession, defendants gave evidence of a subsisting lease between themselves and plaintiff's predecessor in title. This did not shift the burden of proof. *Leduke* v. *Barnett*, 47 Mich. 158. See, also, 24 Cyc. p. 1446.

The other assignments, which have been examined, present no reversible error.

Judgment affirmed.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.