## WUERTH v. WUERTH.

1. APPEAL AND ERROR—MOTION TO DISMISS—ALLEGATION TAKEN AS TRUE.

Upon appeal from order dismissing bill of complaint for want of equity, allegations therein must be taken as true.

2. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—RENTS AND PROFITS DURING COVERTURE.

The husband has the control, use, rents and profits of an estate by entirety during coverture and may take, deal with and dispose of what it produced since it is beyond the reach of outside creditors.

3. SAME—VERBAL AGREEMENT BETWEEN HUSBAND AND WIFE AS TO PROFITS.

A verbal agreement between husband and wife that she shall have a part in the profits of land owned by them in entirety is void.

4. SAME — EQUITY — REFORMATION OF INSTRUMENTS — RESULTING
TRUSTS—RENTS AND PROFITS.

> After levy of execution in suit commenced by husband's creditor
> by attachment of certain realty, wife's bill to reform deed
> by which husband acquired title to show title in them by
> entirety or resulting trust declared amounting to ownership by
> entirety because purchased with rents and profits from other
> property to which title by entirety was acquired subsequent
> to time when husband allegedly took title to attached property
> in himself by mistake and contrary to his agency in her behalf
> *held,* properly dismissed.

Appeal from Washtenaw; Collingwood (Charles
B.), J., presiding. Submitted January 17, 1935.
(Docket No. 111, Calendar No. 38,015.) Decided
March 5, 1935.

Bill by Martha Breitenwischer Wuerth against J.
Fred Wuerth, First National Bank & Trust Company of Ann Arbor and Jacob Andries, sheriff, for
reformation of a deed, declaration of a resulting
trust and for other relief. Bill dismissed as to defendant bank and sheriff. Plaintiff appeals. Affirmed.

*Jacob F. Fahrner, Andrew J. Sawyer* and
*Schmalzriedt, Frye, Granse & Frye,* for plaintiff.

*Frank B. Devine* and *Stivers & Hooper,* for defendant bank and sheriff.

WIEST, J. Defendant bank commenced suit
against defendant Wuerth by attachment and defendant sheriff levied upon certain real estate in
Ypsilanti, title to which was in Mr. Wuerth. The
suit resulted in judgment against Mr. Wuerth and
levy of execution on the attached property. Thereupon plaintiff, wife of the judgment debtor, filed the
bill herein to have it adjudged that title to the
attached real estate should have been in the name of

her husband and herself and, therefore, held by entireties and beyond the reach of the judgment creditor of her husband. The bill alleged that the property levied upon was purchased by Mr. Wuerth with funds derived from rental of other property now held by plaintiff and her husband by entireties and title thereto should not have been taken in the name of her husband alone, and she asked for reformation of the deed or a decree adjudging a resulting trust to like end. Defendant bank and sheriff moved to dismiss the bill for want of equity, the motion was granted and plaintiff prosecutes review by appeal. Upon this review we must accept as true all facts alleged in the bill. We now state some of the allegations:

Defendant Wuerth is plaintiff's husband. In 1912 Mr. Wuerth and one Breitenwischer entered into a contract for the purchase of certain premises in the city of Ann Arbor. In 1914 Breitenwischer conveyed his contract interest to Mr. Wuerth. In 1924 the vendor in the land contract deeded the premises to Mr. and Mrs. Wuerth. In 1913 a theatre building was erected on the Ann Arbor premises, and in 1917 the so-called Wuerth Theatre Building was erected thereon. Plaintiff advanced toward the purchase of the Ann Arbor premises and improvements thereon, between the years 1912 and 1924, the sum of $3,000. The Ann Arbor theatre property was lucrative, and in 1919, Mr. Wuerth and one Renne purchased the premises attached by the defendant bank and located in Ypsilanti. Plaintiff claimed in the bill that Mr. Wuerth made the purchase and subsequent acquirement of Mr. Renne's interest with money realized out of earnings from the Ann Arbor theatre property. In October, 1919, the Renne interest in the Ypsilanti property was conveyed to Mr.

Wuerth. Plaintiff also claimed in the bill that the mentioned investment in the Ypsilanti property was by agreement to be for the mutual benefit of plaintiff and her husband, but Mr. Wuerth mistakenly took title in his own name, contrary to his agency in her behalf, and that a resulting trust should be decreed.

Counsel for defendant bank point out that the bill shows no interest of plaintiff in the Ann Arbor property until long after Mr. Wuerth purchased the Ypsilanti property and the returns from the Ann Arbor property, if invested by Mr. Wuerth in the Ypsilanti property, belonged to him even though title to the Ann Arbor property should have been taken previous to 1924 in the names of both Mr. and Mrs. Wuerth. As against the attachment and levy of the bank, plaintiff wants a resulting trust amounting to ownership by entireties decreed as to the Ann Arbor property prior to purchase of the Ypsilanti property, in order to establish an interest in returns therefrom and the investment thereof in her behalf in the Ypsilanti property and, therefore, right to hold that property with her husband by entireties. Her case rests upon claimed right to a moiety of the rents and profits of the Ann Arbor property and invested by her husband in the Ypsilanti property. The Ypsilanti property was purchased by Mr. Wuerth and title thereto taken in his own name before title to the Ann Arbor property was placed in the name of plaintiff and her husband by entireties. If title to the Ann Arbor property had been held by entireties from the date of its purchase by Mr. Wuerth, it would not accord plaintiff right to a moiety of the rents and profits.

"It remains the law that, while coverture continues, the husband has the control, use, rents, and

profits of an estate by entirety. * * * While outside creditors might not reach it (*Morrill* v. *Morrill,* 138 Mich. 112 [110 Am. St. Rep. 306, 4 Ann. Cas. 1100]), he was empowered to take, deal with, and dispose of what it produced.'' *Way* v. *Root,* 174 Mich. 418, 430.

''A verbal agreement between husband and wife that she shall have an equal part in the profits of land owned by them in entirety is void.'' *Morrill* v. *Morrill* (syllabus), *supra.*

Plaintiff stated no case for equitable relief, and the decree dismissing the bill is affirmed, with costs to defendant bank.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.