RATHNAW v. HATCH.

FORCIBLE ENTRY AND DETAINER—BURDEN OF PROOF—INSTRUCTIONS.
   In summary proceedings against a tenant, burden is upon plaintiff to show right to possession and that the tenancy had terminated and fact that defendant might then show subsisting tenancy does not shift plaintiff's burden, hence instruction that defendant had burden of showing right to possession by a preponderance of evidence was reversible error.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 15, 1937. (Docket No. 104, Calendar No. 39,588.) Decided October 4, 1937.

Summary proceedings by Anthony J. Rathnaw against Edward S. Hatch to recover possession of premises. Judgment of circuit court commissioner for defendant. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*Frank Selwa* and *Stanley J. Dixon,* for plaintiff.

*Bloom & Bloom,* for defendant.

SHARPE, J. Defendant Hatch is a dentist with offices located at 2297 East Forest avenue in the city of Detroit. For some time he had been a tenant from year to year of the First National Bank and later from the receivers in charge of the property. During the early part of the year 1936, plaintiff negotiated with the bank receivers for the purchase of this property; but later with the aid of defendant, plaintiff procured a 10-year lease to begin August 1, 1936. On or about September 1, 1936, plaintiff served upon defendant a 30-day notice to vacate the premises; and upon refusal, summary proceedings were instituted before a circuit court commissioner. The cause was appealed to the circuit court and resulted in a judgment for plaintiff. Defendant appeals.

In the proceedings defendant gave notice that he held by virtue of a verbal lease for one year; and now contends that the trial court was in error in instructing the jury upon the law relating to the burden of proof. The particular instruction complained of is as follows:

"The burden of proof in this case rests upon the defendant to satisfy you, members of the jury, by a

preponderance of the evidence that he had a verbal and oral lease with the plaintiff in the case for a period of one year from the first of September, 1936. It being conceded here that unless this agreement is established, that the plaintiff would be entitled to possession of the premises. * * *

"As I say, the burden of proof rests upon the defendant to satisfy you of that fact by a preponderance of the evidence."

The theory upon which this cause was tried was that defendant had an oral lease for a year, but such a theory does not shift the burden of proof.

In *De War* v. *Juett,* 228 Mich. 84, we said:

"It is urged that the burden was upon the defendants to prove affirmatively that they held under a valid, subsisting lease. The burden was on the plaintiff to show that she was lawfully entitled to possession, that the tenancy had been terminated. See *McGuffie* v. *Carter,* 42 Mich. 497. To show that the tenancy had not been terminated and that plaintiff was not entitled to possession, defendants gave evidence of a subsisting lease between themselves and plaintiff's predecessor in title. This did not shift the burden of proof. *Leduke* v. *Barnett,* 47 Mich. 158. See, also, 24 Cyc. p. 1446."

See, also, *Gardner* v. *Railway Co.,* 99 Mich 182 (4 Am. Neg. Cas. 163).

In this cause it was incumbent upon plaintiff to show that he was entitled to possession of the premises. The burden of proof in that regard did not shift and it was reversible error for the trial court to give the instruction complained of.

The judgment of the lower court is reversed and a new trial granted. Defendant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.