DOMBROWSKI v. GORECKI.

1. Husband and Wife—Common Law—Partnership.

  The doctrine of the common law as to· the disability of married
  women precludes a partnership between husband and wife.

2. Same—Common Law—Crops—Tenancy by Entirety.

  A wife has no right to a share of the crops grown on land owned
  by her and her husband as tenants by the entirety since at
  common law the exclusive control of such property was in the
  husband.

3. Same—Tenancy by Entirety—Profits—Contracts.

  A wife has no right to a share of the profits of a business con-
  ducted on property owned by her and her husband as tenants
  by the entirety and they may not enter into· a verbal agreement
  that she shall have a share of such profits.

4. Same—Partnership—Tenancy by Entirety—Liability of Wife
  for Defective Premises—Sidewalks.

  Defendant wife, who· with her husband owned premises as tenants
  by the entireties on which they conducted a grocery, could not
  be held liable as his· partner for injuries sustained by minor
  pedestrian when he fell about 8 o'clock on an October evening
  through an open grating in sidewalk adjacent to the premises.

5. Negligence—Defective Premises.

  Generally liability for an injury due to defective premises or-
  dinarily depends upon power to prevent the injury and there-
  fore rests primarily upon him who has control and possession.

6. Husband and Wife—Tenancy by Entireties—Wife's Liability
  for Defective Condition of Premises.

  Since the husband has the right to the use, control and profits
  of entirety property, it is his duty to maintain it; hence wife
  would not be liable for injuries to minor pedestrian who fell
  through an open grating in sidewalk adjacent to premises,
  such being a tort arising from husband's failure to maintain
  the property in a reasonably safe condition.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 3, 1939. (Docket No. 1, Calendar No. 40,623.) Decided December 20, 1939.

Case by Jerome Dombrowski, an infant, by Julius Dombrowski, his next friend, against Joseph Gorecki and his wife Pelagia Gorecki for damages for personal injuries alleged to have been caused by defendants' negligence in maintaining a sidewalk grating. From an order dismissing the action against defendant Pelagia Gorecki, plaintiff appeals. Affirmed.

*Charles N. Weingarden (Bresnahan & Groefsema,* of counsel), for plaintiff.

*Monaghan, Crowley, Clark & Kellogg,* for defendant Pelagia Gorecki.

SHARPE, J. Plaintiff Julius Dombrowski, as the next friend of Jerome Dombrowski, an infant, brought suit in the circuit court of Wayne county against Joseph Gorecki and Pelagia Gorecki, his wife, in which it is charged that on the 20th day of October, 1937, the defendants were the owners of a building in the city of Detroit; that the defendants conducted a grocery store in the lower floor and basement of the building; that there is a concrete sidewalk adjacent to one side of the building; that into this sidewalk there is an iron grate so constructed that it can be opened for the purpose of lowering merchandise into the basement of the building; that on the day above mentioned at about the hour of 8 p. m., plaintiff's son of the age of 12 years while walking along said sidewalk fell into the opening and received severe injuries.

It is charged that it was negligence on the part of defendants to allow the grate to remain open with-

out setting up suitable danger lights in order to warn the walking public that a danger existed there. The defendants filed an answer in which it is stated that they own the premises by the entireties; and at the same time defendant Pelagia Gorecki, the wife of Joseph Gorecki, filed a motion to dismiss the cause of action against her for the reason that she is a married woman; and that she and her husband own the property by the entireties.

The trial court granted defendant Pelagia Gorecki's motion to dismiss and plaintiff appeals.

The sole question in this case relates to the liability of a wife who owns property abutting a sidewalk with her husband by entireties for injuries sustained on the adjoining sidewalk due to alleged negligence in maintenance of the abutting property.

Plaintiff contends that the husband and wife jointly conducted the grocery business; and that the wife as one of the partners committed the acts of negligence alleged.

In *Farmers Co-operative Creamery Co.* v. *Huhn,* 241 Mich. 23, 28, we said:

"The doctrine of the common law as to the disability of married women precludes a partnership between husband and wife.

" 'The important and sacred relations between husband and wife, which lie at the very foundation of civilized society, are not to be disturbed and destroyed by contentions which may arise from such a community of property and a joint power of disposal and a mutual liability for the contracts and obligations of each other.' *Artman* v. *Ferguson,* 73 Mich. 146 (2 L. R. A. 343, 16 Am. St. Rep. 572)."

See, also, *Jenne* v. *Marble,* 37 Mich. 319.

Nor has a wife any right to a share of the crops grown on land owned by her and her husband as tenants by the entirety since at common law the

exclusive control of such property was in the husband. *Morrill* v. *Morrill,* 138 Mich. 112 (110 Am. St. Rep. 306, 4 Ann. Cas. 1100). It necessarily follows from the above authority that a wife would have no right to a share of the profits of a business conducted on property owned by her and her husband as tenants by the entirety, nor may a husband and wife enter into a verbal agreement that she shall have a share of such profits. *Morrill* v. *Morrill, supra.*

It follows that the defendants in this case could not be held liable as partners. In *Lesher* v. *Brosteau,* 238 Mich. 189, 193, we said: "Defendants are husband and wife and may not be held liable as partners."

It is a general proposition that liability for an injury due to defective premises ordinarily depends upon power to prevent the injury and therefore rests primarily upon him who has control and possession. *Banningan* v. *Woodbury,* 158 Mich. 206 (133 Am. St. Rep. 371) ; *Ziulkowski* v. *Kolodziej,* 119 Conn. 230 (175 Atl. 780, 96 A. L. R. 1065) ; *McLeod* v. *Rawson,* 215 Mass. 257 (102 N. E. 429, 46 L. R. A. [N. S.] 547).

In view of the fact that under our law the husband has the right to the use, control and profits of entirety property, it follows that it is his duty to maintain it. It also follows that the tort alleged here, *i.e.,* failure to maintain entirety property in a reasonably safe condition, is not such a tort for which a wife could be held liable.

The order dismissing the cause as against defendant Pelagia Gorecki is affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.