ARRAND *v.* GRAHAM.

1. HUSBAND AND WIFE—ESTATES BY ENTIRETY—CONVEYANCES.
   Neither husband nor wife alone can sever the tenancy by the
   entirety, or convey a moiety to defeat the title of the survivor.

2. SAME—LEASE OF ENTIRETY PPOPERTY EXECUTED BY HUSBAND
   ALONE VALID DURING HIS LIFETIME.
   Although a lease for more than three years is within the statutes
   relating to conveyances of real property where it is required
   that the conveyance be executed by the party from whom the
   estate or interest is intended to pass, a lease of property
   owned by husband and wife as tenants by the entirety for a
   longer term than three years which is executed by the husband
   alone is not invalid for the period during his lifetime (3 Comp.
   Laws 1929, §§ 13278, 13309).

3. SAME—CONTROL OF ESTATE BY ENTIRETY.
   The right of the husband to control the tenancy by entirety is
   governed by the common law.

4. APPEAL AND ERROR—BRIEF—QUESTIONS REVIEWABLE.
   A mere statement of a position without argument and citation
   of authority in support thereof is insufficient to present the
   matter for consideration of an appellate court (Court Rule
   No. 68, § 3 [1933]).

5. HUSBAND AND WIFE—LEASE EXECUTED BY HUSBAND ALONE—CON-
   VEYANCE BY HUSBAND AND WIFE.
   Under a 5-year lease of entirety property executed by husband
   alone wherein it is provided that its covenants are binding
   upon the respective heirs, representatives, and assigns of the
   parties, the lease would not become abrogated upon sale of the
   property by the husband and wife during the lifetime of the
   husband (3 Comp. Laws 1929, §§ 13278, 13309).

ON APPLICATION FOR REHEARING.

6. COURTS—PRIOR DECISIONS—ESTATES BY ENTIRETY—HUSBAND'S
   CONTROL.
   Decision in case involving power of husband to control rents,
   income, use, and profits from property held by entirety did not
   overrule prior cases dealing with right of husband's creditors
   to seize rents, income, use, or profits from property so held.

Appeal from Saginaw; Martin (William H.), J.
Submitted January 15, 1941. (Docket No. 38, Cal-

endar No. 41,366.)   Decided May 21, 1941.   Rehearing denied October 6, 1941.

Summary proceedings by Albert R. Arrand and Mabel R. Arrand against Vera Graham to obtain possession of land. Judgment of circuit court commissioner for plaintiffs. Defendant appealed to circuit court. Judgment for plaintiffs. Defendant appeals. Reversed.

*Clarence J. Brainerd,* for plaintiffs.

*Roland O. Kern,* for defendant.

Butzel, J.   Walter E. Madill and wife held title as tenants by the entirety to a theatre building in Chesaning, Michigan.   On October 28, 1935, Mr. Madill entered into a written lease of the building and certain equipment therein with Fred A. Graham for a term of five years and with an option for an extension of five years and also for purchase of the equipment.   Upon the death of Mr. Graham on August 27, 1937, Vera Graham, his widow and defendant herein, continued to manage the theatre and for over two years Madill accepted the rent from her without objection.   On September 28, 1939, Albert R. Arrand and wife, plaintiffs herein, fully cognizant of the lease, and after being told that it would be up to them to remove defendant, purchased the property.   Both Mr. and Mrs. Madill joined in the conveyance to plaintiffs.   Shortly thereafter, plaintiffs served notice to quit and instituted summary proceedings to recover possession of the premises from defendant.   The justice of the peace, sitting as a circuit court commissioner, found defendant "guilty" of unlawfully holding possession. He held that the lease was invalid because it was not signed by the wife of Mr. Madill; also that the defendant was never appointed administratrix of the estate of Fred Graham, the original lessee, and

therefore could not claim rights under the lease as a defense. On appeal by Mrs. Graham, the trial judge held the lease invalid because it was for a term of more than three years and not joined in by the wife of the lessor, one of the tenants by entirety. He relied largely upon *Nurmi* v. *Beardsley,* 275 Mich. 328, wherein it was stated that neither tenant by the entirety "can alienate a moiety so as to defeat the title to the survivor." That case, however, dealt with the necessity of notice of a mechanic's lien to the wife as well as to the husband because the effect of the foreclosure of the lien might terminate the rights of both husband and wife in the title to the property. In the instant case both Mr. and Mrs. Madill are living, and as far as the record discloses, neither objected to the lease, nor to defendant's tenancy. The only question appellant asks us to decide is whether the lease continued to be valid during the lifetime of Mr. Madill, who as husband would be entitled to the rents, profits, and usufruct of the property.

Neither husband nor wife alone can sever the tenancy by the entirety, or convey a moiety to defeat the title of the survivor. But it does not follow that, because leases for longer than three years are brought within the statutes relating to conveyances of real property by 3 Comp. Laws 1929, § 13309 (Stat. Ann. § 26.552),* a lease for a longer term than three years executed by the husband alone is therefore invalid for the period during his lifetime.

The right of the husband to control the tenancy by entirety is governed by the common law. When the married women's statute was enacted, 3 Comp. Laws 1929, § 13057 *et seq.* (Stat. Ann. § 26.161 *et seq.*), giving the wife a right to control and own a separate estate, the question arose whether the stat-

---

* See, also, 3 Comp. Laws 1929, § 13278 (Stat. Ann. § 26.521).
—REPORTER.

ute abrogated the common-law rights of the husband in respect to the tenancy. Two leading cases involving this issue under similar statutes are *Hiles* v. *Fisher,* 144 N. Y. 306 (39 N. E. 337, 43 Am. St. Rep. 762, 30 L. R. A. 305) ; and *Pray* v. *Stebbins,* 141 Mass. 219 (4 N. E. 824, 55 Am. Rep. 462). In *Hiles* v. *Fisher, supra,* Chief Justice Andrews held that the right of the husband to rents and profits was not an incident of tenancy by the entirety but rather the right of control which the common law gave the husband over the property of the wife. This right, he concluded, had been swept away as a necessary consequence of legislation investing her with the beneficial use of her own property, free from his control. Some States have followed this rule.

*Pray* v. *Stebbins, supra,* held that the married women's statute did not change the incidents given the tenancy at common law. Judge Field wrote (pp. 223, 224) :

"The rights of husband and wife in this estate must therefore be determined by the common law. By that law the right to control the possession of such an estate during their joint lives is in the husband, as it is when the wife is sole seised. 'Neither could convey during their joint lives so as to bind the other, or defeat the right of the survivor to the whole estate;' *Pierce* v. *Chace,* 108 Mass. 254; but, subject to this limitation, the husband has the rights in it which are incident to his own property, and the rights which by the common law he acquires in the real property of his wife. He has, during coverture, the usufruct of all the real estate which his wife has in fee simple, fee tail, or for life. By the great weight of authority, he has the right to make a lease of an estate conveyed in fee to him and his wife, which will be good against the wife during coverture, and will fail only in the event of his wife surviving him." (Citations.)

Michigan followed the rule of *Pray* v. *Stebbins* and rejected the reasoning of *Hiles* v. *Fisher, supra,*

in the case of *Morrill* v. *Morrill*, 138 Mich. 112 (110 Am. St. Rep. 306, 4 Ann. Cas. 1100).

In *Way* v. *Root*, 174 Mich. 418, 424, the leading Michigan case on the subject, Judge STEERE stated:

"Neither a husband nor wife can alone convey or incumber the estate vested in them as tenants by entirety."

But, in regard to the husband's right to lease the property, he further stated (pp. 429, 430):

"The rights of husband and wife in such an estate are purely common-law rights, to be tested and interpreted by the rules of that law as they existed before the wife was emancipated as to her individual property interests. By the common law the husband controlled his wife's estate, and had the usufruct, not only of real estate standing in both their names, but of that sole seised by his wife, whether in fee simple, fee tail or for life. It remains the law that, while coverture continues, the husband has the control, use, rents, and profits of an estate by entirety. * * * He had a right to rent the property to others and collect the rent. * * * But he could lawfully collect rent from Way, and evict him in case of default, and Way could enforce a lease of the property given him by defendant alone. *Pray* v. *Stebbins* [*supra*]. We are well satisfied that defendant, being entitled to the rent, could maintain an action in his own name to collect it, and we think he is entitled to recover it as a counterclaim when sued by the party owing it, or his assign."

The inescapable conclusion is that when the court states that a husband cannot convey the tenancy by entirety alone, a conveyance that may divest the entire title is referred to, but it does not affect the validity of a lease during the lifetime of the husband. The anomalous character of the respective rights and liabilities of husband and wife in a tenancy by the entirety has been frequently commented upon. See *American State Trust Co.* v. *Rosenthal*, 255 Mich. 157; *Marks* v. *Corliss' Estate*, 256 Mich.

460; *Wuerth* v. *Wuerth,* 270 Mich. 628; *Dombrowski* v. *Gorecki,* 291 Mich. 678; 1 Tiffany, Real Property (2d Ed.), § 194.

While appellees raise additional questions in their brief, they do not discuss them or the many collateral questions which must be considered in such discussion. The mere statement of a position without argument or citation of authority in support thereof is insufficient. See *Dolby* v. *State Highway Commissioner,* 283 Mich. 609 (117 A. L. R. 538); Court Rule No. 68, § 3 (1933).

The further contention by appellees that the lease would become abrogated upon the sale of the property by the lessor to the plaintiffs is fully answered by the proviso in the lease that its covenants are binding upon the respective heirs, representatives and assigns of the parties.

Judgment reversed, with costs to appellants.

Sharpe, C. J., and Bushnell, Boyles, Chandler, and McAllister, JJ., concurred with Butzel, J.

North, J. (*concurring*). I concur in reversal on the ground that the lease for five years was valid, and upon the death of the lessee during the leasehold period the rights thereunder vested in his estate. His widow has continued in possession and no one having an interest in his estate has challenged her right to do so. Plaintiffs took conveyance of the property with full knowledge of the outstanding lease; and at the time they instituted summary proceedings they were not entitled to possession. That right was then vested in the estate of the original lessee. In summary proceedings, as in ejectment, a plaintiff must recover, if at all, on the strength of his own right of possession, not on the weakness of defendant's right. *DeWar* v. *Juett,* 228 Mich. 84; *Rathnaw* v. *Hatch,* 281 Mich. 402. The above controlling question is necessarily presented to us by defendant's assignments of error which in part read:

"4. The court erred in holding that the lease is of no force and effect. * * *

"10. The court erred in ordering and adjudging that the plaintiffs have restitution and recover against the defendant possession of the premises in question."

For the reasons above noted the judgment of the circuit court which gave possession to plaintiffs was erroneous and should be .reversed. Costs of both courts to defendant.

WIEST, J., concurred with NORTH, J.

ON APPLICATION FOR REHEARING.

PER CURIAM. On motion for rehearing filed and joined in by both the parties herein, concern is expressed that some language in the opinion may be construed as affecting our decisions in the following cases: *Battjes Fuel & Building Material Co.* v. *Milanowski,* 236 Mich. 622; *Peoples State Bank of Pontiac* v. *Reckling,* 252 Mich. 383; *American State Trust Co. of Detroit* v. *Rosenthal,* 255 Mich. 157; *Bankers Trust Co. of Detroit* v. *Humber,* 264 Mich. 71. These cases deal with the right of a husband's creditors to seize rents, income, use, or profits from property held by the entirety. The instant case involves the power of the husband to control the rents, income, use, and profits from property held by entirety, adhering to our decisions in *Wuerth* v. *Wuerth,* 270 Mich. 628; *Dombrowski* v. *Gorecki,* 291 Mich. 678; and other cases to the same effect. The instant case is in consonance with previous decisions and does not overrule. The anomalous character of the respective rights and liabilities of husband and wife in a tenancy by the entirety was again commented upon in the original opinion in the instant case. Rehearing denied.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.