## UNITED STATES v. NATHANSON et al.
### No. 4290.

District Court, E. D. Michigan, S. D.

Feb. 2, 1945.

C. Dinu, Asst. Dist. Atty., of Detroit, Mich., for plaintiff.

Joseph B. Beckenstein, of Detroit, Mich., for defendant.

PICARD, District Judge.

The question in this case relates to the right of plaintiff to enforce collection of excise taxes, penalties and interest, assessed against defendant Louis Nathanson from rents due defendant and wife on property which they are purchasing under land contract as an estate by the entirety. The amount of the lien and the propriety or manner of procedure by which the government claims its lien are not material in making the decision and only one point of fact over which there is any dispute need be discussed.

The government claims that the husband alone made the verbal lease with tenants for payment of rent and substantiates its position by testimony of the tenant. On the other hand, defendant claims the wife was right in the room when the verbal agreement was made.

■ If this point is very material this court now holds that in any event the husband was obviously acting for both himself and wife and did not have exclusive control of the rent money since the evidence shows that part of the rent money went directly to the vendor to apply on the purchase price while the balance was held by the wife alone to meet contingencies. As a matter of fact it appears that the wife had more control over the actual cash than the husband, and we so find.

This disposes of government's contention that under the decisions, when the husband has complete control of rents from an estate by the entirety, creditors of the husband can reach those assets. But even if this was the fact, as contended, the government fails to follow the distinction between the husband's right to "manage and control" an estate of the entirety—which is complete, and his creditors' rights to the proceeds from that estate—which is denied. That difference is pointed out in the re-

view of similar cases made by the court in American State Trust Co. of Detroit v. Rosenthal, 255 Mich. 157, 237 N.W. 534. See, also, Bankers' Trust Co. of Detroit v. Humber, 264 Mich. 71, 249 N.W. 454; Hiller v. Olmstead, 6 Cir., 54 F.2d 5; Battjes Fuel & Building Material Co. v. Milanowski, 236 Mich. 622, 211 N.W. 27; Annapolis Banking & Trust Co. v. Smith, 1933, 164 Md. 8, 164 A. 157; Arrand v. Graham, 297 Mich. 559, 561, 298 N.W. 281; 300 N.W. 16, 136 A.L.R. 1206, 1210.

None of the cases cited by plaintiff is authority for its position that creditors can successfully levy on the rents from an estate by the entirety.

 This brings up the remaining question as to whether Congress by the most generous interpretation of the tax law involved has specified or designated such an estate (by entirety) as subject to tax for Congress undoubtedly has the right to determine by designation what interest or rights in property created by the states are taxable by the Federal government. Morgan v. Commissioner, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585; Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154; Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758.

But here again we must find against plaintiff for it appears that there is only one tax reference to estate by the entirety in the Revenue Act of 1926 and that is Section 302, 26 U.S.C.A.Int.Rev.Acts, page 227, which imposes a tax upon "'the value of the gross estate of the decedent' at the time of his death, including 'the value at the time of his death of all property, real or personal * * * (e) to the extent of the interest therein held * * * as tenants by the entirety by the decedent and spouse.'" Detroit Bank v. United States, 317 U.S. 329, 63 S.Ct. 297, 299, 87 L.Ed. 304; Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758.

 We find no designation in the Federal Revenue Act by which a tax may be imposed upon property held by the entirety for taxes due from the husband alone. Michigan decisions covering property by entirety follow the common law and have withstood the onslaught of creditors for years. Neither the husband nor the wife has an individual, separable interest in entirety property. Neither can convey an interest without the aid of the other. Neither husband nor wife can sever

the tenancy. They take the estate as one person and they take but one estate. Naylor v. Minock, 96 Mich. 182, 55 N.W. 664, 35 Am.St.Rep. 595; Way v. Root, 174 Mich. 418, 427, 140 N.W. 577; Vinton v. Beamer, 55 Mich. 559, 561, 22 N.W. 40; Speier v. Opfer, 73 Mich. 35, 38, 40 N.W. 909, 2 L.R.A. 345, 16 Am.St.Rep. 556; Nurmi v. Beardsley, 275 Mich. 328, 330, 266 N.W. 368; Long v. Earle, 277 Mich. 505, 269 N.W. 577; Arrand v. Graham, 297 Mich. 559, 561, 298 N.W. 281; 300 N.W. 16, 136 A.L.R. 1206, 1210.

There being no authority for plaintiff's contention, an order dismissing the bill of complaint may be prepared for our signature.