## Wallace v. Mestichelli et al.

*E. Arnold Forrest*, for exceptant.

*Morris Gerber*, of *Wisler, Pearlstine, Talone & Gerber*, for defendants.

CORSON, J., October 16, 1946.—On August 21, 1943, defendants became the owners of a certain tract of land in Conshohocken as tenants by the entireties.

On May 18, 1944, the United States Government entered judgment on a social security tax claim for tax owed by the partnership of Egidio Mestichelli and Alfred Pizzi.

On May 22, 1944, Mestichelli et ux. and Pizzi et ux. executed a mortgage upon the aforesaid property to Sydney J. Wallace. This mortgage was later assigned to James J. McDade, Jr., exceptant. Such mortgage having become in default, it was foreclosed and the property sold by the sheriff for the sum of $360 to James J. McDade, Jr., plaintiff in the execution. The sheriff set forth his schedule of distribution as follows: distribution costs, $195.63; tax lien United States, $164.37; total, $360.

James J. McDade, Jr., plaintiff in the execution, excepts to the allowance of $164.37 upon the Government tax lien. Counsel for plaintiff stated that he had sent a copy of the exceptions to the collector of internal revenue on May 20, 1946, and that he had since been advised by an attorney representing such collector that

the Government would probably not oppose the allowance of such exception.

The question to be decided is whether or not a judgment entered by the Government of the United States against two business partners becomes a lien upon property held by such partners and their wives as tenants by the entireties. We feel that this question must be decided in the negative. Admittedly, under the law of Pennsylvania a judgment against a husband does not become a lien upon property held by such husband and wife as tenants by the entireties. There is apparently nothing in any Federal law which would give the Federal Government greater rights than any ordinary judgment creditor to recover for taxes due.

In the case of United States v. Nathanson et al., 60 F. Supp. 193, 194 (1945), the court said:

"We find no designation in the Federal Revenue Act by which a tax may be imposed upon property held by the entirety for taxes due from the husband alone. Michigan decisions covering property by entirety follow the common law and have withstood the onslaught of creditors for years."

The Pennsylvania rule as to tenancy by the entireties is based upon the common law. Upon the authority of the Nathanson case and the law of Pennsylvania, we feel that the judgment entered by the United States Government against Mestichelli and Pizzi did not become a lien upon any property which they held as tenants by the entireties at the time of such entry of such judgment.

And now, October 16, 1946, for the reasons given, the exceptions to the sheriff's distribution must be sustained as to the item of $164.37 awarded to the United States of America, and such item is therefore directed to be stricken from such schedule and such purported lien is discharged from the property in question.