*In re* THOMAS ESTATE.

APPEAL OF FLORENCE THOMAS.

1. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—RENTS AND PROFITS.
   Rents and profits from property owned by the entireties belong
   to the husband during coverture.

2. SAME—PARTIES—RENT OF PROPERTY HELD BY ENTIRETIES.
   Husband of claimant against estate of his deceased brother for
   room rent and board for 2-year period prior to death was an ad-
   verse party with respect to rents from premises held by claimant
   and her husband as tenants by the entireties.

3. SAME—WIFE'S CONTRACT—CONSENT OF HUSBAND.
   A husband may, by his consent, permit the wife to contract for
   special services to be rendered another in their home and to
   receive pay therefor.

4. SAME—WIFE'S CONTRACT—CONSENT OF HUSBAND—EVIDENCE.
   Adequate proof of husband's consent to plaintiff wife's contract
   with his brother in home occupied by them as tenants by the
   entireties and for her to receive the pay therefor *held*, lacking
   in wife's action against deceased brother's estate for room
   rent and board.

5. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-
   CEASED—OPPOSITE PARTIES—HUSBAND OF CLAIMANT.
   Testimony of claimant's husband as to conversations she had
   had with his brother, now deceased, relative to her furnishing
   latter room and board in home occupied by claimant and

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Husband and Wife § 78.
   Married women's act as abolishing estates by entireties. 141
   ALR 179.
[2] 27 Am Jur, Husband and Wife § 472.
[3, 4] 27 Am Jur, Husband and Wife § 473.
[5] 58 Am Jur, Witnesses §§ 159, 319–323.
[6] 53 Am Jur, Trial § 566.
[7] 53 Am Jur, Trial § 527.

husband as tenants by the entireties was properly excluded on the basis that the witness had an interest in the income from the house (CL 1948, § 617.65).

6. CONTRACTS—TIME—INSTRUCTIONS—EVIDENCE.

It was not error for court to instruct jury, in woman's action against the estate of her husband's brother for room and board for latter, that plaintiff had the burden of proving the length of time the contract was to run and thereby give some emphasis as to the absence of evidence as to the time the contract was to run, where claim filed was for period beginning on a December 25th and ending upon death of the brother somewhat over 2 years later, especially when the charge was taken in its entirety.

7. SAME—INSTRUCTIONS—PREJUDICE—SUNDAY.

Failure to give plaintiff's requests to charge in her action against estate of husband's deceased brother for room and board if jury found (1) that plaintiff and deceased had entered into an agreement whereby he was to pay her $20 per week for 2 rooms and took possession, (2) that it was not necessary for him to personally occupy the rooms if he were holding possession by keeping some of his belongings therein, and (3) that the court takes judicial notice that the date of the contract was on Sunday, *held*, not prejudicial to plaintiff, where substance of the first 2 requests was given and the third one would have established the invalidity of the contract.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 12, 1954. (Docket No. 67, Calendar No. 46,269.) Decided November 29, 1954.

Florence Thomas filed her claim in the probate court against the estate of George J. Thomas for board and room of deceased. Claim denied and appeal taken to circuit court. Verdict and judgment of no cause of action. Plaintiff appeals. Affirmed.

*Smith & Smith* (*Herbert W. Smith*, of counsel), for plaintiff.

*James D. Morrice* and *Hutson, Merritt & Petermann* (*J. W. Hutson*, of counsel), for defendant estate.

Bushnell, J. Claimant Florence Thomas is the wife of Vernon Clair Thomas, a brother of George J. Thomas, deceased. Vernon Thomas and his wife held title as tenants by the entireties to their home on Candler avenue in the city of Highland Park.

George Thomas died January 5, 1952, and his widow, Helena E. Thomas, was named as administratrix with the will annexed. Florence Thomas filed a claim against the estate in the probate court of Oakland county for $2,080 for the rental of 2 rooms and board at the Thomas home at $20 per week for 104 weeks. This claim was disallowed. On appeal to the circuit court following a trial before a jury, a verdict of no cause of action was rendered and a judgment entered accordingly, from which claimant has appealed.

The questions raised have to do with claimed erroneous rulings on the admission of evidence, errors in the court's charge to the jury, and refusal to give certain requests to charge.

Vernon Thomas, the husband of claimant, was called as a witness. Following an objection to his testimony the trial judge ruled that he was an adverse party within the meaning of the so-called "dead man's" statute. CL 1948, § 617.65 (Stat Ann § 27.914).

The trial judge properly held that the husband was an adverse party with respect to rents and profits from property owned by the entireties during coverture, under the rule in *Morrill* v. *Morrill,* 138 Mich 112 (110 Am St Rep 306, 4 Ann Cas 1100), and *Dombrowski* v. *Gorecki,* 291 Mich 678. Claimant recognizes the rule of these cases, but argues that the contract in question was made by George Thomas with Florence Thomas, in the presence of her husband, Vernon Thomas, and that no objection was made by the husband. It is therefore insisted that the husband consented to the contract and that the situation is governed by *Wis-*

*niewski* v. *Wisniewski's Estate,* 254 Mich 663, where the Court said (p 664):

"The rule that services of the wife in and about the home belong to the husband is not one beyond the power of the husband to waive. A husband may, by his consent, permit the wife to contract for special services to be rendered another in their home and to receive pay therefor."

That case involved a claim for the care and maintenance of a daughter of a deceased under an oral agreement. There (p 664):

"The evidence justified the jury in finding that the contract was made with plaintiff, not only by express consent of her husband to that effect, but, as well, in directing his father to make the contract with her."

Here, adequate proof of consent is lacking.

The claim in the instant case is not for services but for rents and board. The trial judge permitted claimant's husband to answer certain questions, but excluded answers to those pertaining to the claimed conversation between his wife and the deceased, on the basis that the witness had an interest in the income from the house.

The portions of the court's charge, which are claimed to be erroneous, are as follows:

"If there was an express contract, what did it mean? That is the second question for your consideration. What length of time was it to run? Was it to run during the rest of his lifetime, or was it to run only during the period that he occupied the rooms? That is a question of fact for your consideration. * * *

"Now then, as bearing upon the intent of the deceased at the time he entered into this contract, if you find there was an express contract, is the length of time he occupied it. Was it his intent at the time

he entered into this contract that it should be rented
during the period of his life, or just during the time
that he occupied it? What was his intent at the time
he entered into this contract? Was it, as I have said,
for the rest of his life, or was it only during the pe-
riod of his occupancy? That is a question of fact for
your consideration.   *   *   *

"Now, the burden of proof is upon the claimant
in this case to prove that there was an express con-
tract and the burden of proof, if you find there was
an express contract, would show the length of time
this contract was to run. The burden of proof means
that the claimant must show by a fair preponder-
ance of the testimony that she is right in her claim
and she has established a contract and that she is
entitled to pay for the rental of these 2 rooms in
question."

Appellant argues that this charge was prejudicial
because of the emphasis upon the fact that the testi-
mony failed to show that the contract was for the
natural life of the deceased, and absence of evidence
of the time the contract was to run. A short answer
to this is that the claim filed was for the rental of 2
rooms and board from December 25, 1949 (the date
upon which it is claimed the contract was made) to
January 5, 1952 (the date of death).

Furthermore, the charge in this case, like all oth-
ers, must be taken in its entirety. So taken, it was
not prejudicial and did conform to the testimony and
the proofs required in such cases.

The remainder of the objections relate to the
court's refusal to give the following requests:

"1st. That if the jury find from the evidence in
this cause that George J. Thomas, the deceased, did
agree with Florence Thomas, the claimant, on the
25th day of December, 1949 to rent of Florence
Thomas 2 rooms in her home and pay to her $20 per
week for the same, and that he took possession of
said rooms by putting in said rooms his personal

belongings or some of his personal belongings and that he keep possession of these rooms until his death, your verdict will be for the claimant, Florence Thomas, in the sum of $2,080.

"2d. If the jury find that the agreement was made by George Thomas to rent these rooms as above mentioned, it will not be necessary for him to personally occupy these rooms, as he would be holding possession as long as some of his personal belongings were in these rooms.

"I charge you that the court takes judicial notice that the 25th day of December, 1949 was on Sunday. *Hoard* v. *Stone,* 58 Mich 578."

The first and second requests were given, in substance, in the court's charge to the jury. The claim filed was based upon an express contract. If the court had given the third request to charge, *i.e.,* that the 25th day of December, 1949, fell on Sunday, such a charge would have established the invalidity of the contract. The court's failure to give the charge requested was not detrimental to the claimant. An examination of the testimony and the charge in its entirety discloses no reversible error.

The judgment entered upon the jury's verdict is affirmed, with costs to the estate.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.