**Margaret O'BRIEN, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 20011.**

United States District Court
E. D. Michigan, S. D.

Feb. 28, 1961.

Richard J. Sullivan, Detroit, Mich., for plaintiff.

Otto Haass, Asst. U. S. Dist. Atty., Detroit, Mich., for defendant.

FEIKENS, District Judge.

On April 1, 1948, Margaret O'Brien made application for wife's insurance benefits to the Social Security Administration of the Department of Health, Education and Welfare. She was informed on July 28, 1948, that since she was not "living with" her spouse, she was not entitled to benefits based on his account.

On March 24, 1950, Frank J. O'Brien, her husband, the wage earner, died. So on April 28, 1950, Margaret O'Brien filed an application for benefits and for lump sum payment which latter amount she was awarded by reason of equitable entitlement since she had paid the burial expenses. She was awarded no other benefits. She did not appeal or otherwise seek review of either of these decisions.

On January 15, 1957, Richard J. Sullivan, Esq., an attorney acting on behalf of Margaret O'Brien, informed the Bureau of Old Age and Survivors Insurance, Social Security Administration, that Margaret O'Brien's failure to receive social security benefits to which he claimed she was entitled as wife and widow was due to a mistake in fact and law and he requested that the matter be reopened. Mr. Sullivan's letter reads in part:

"January 15, 1957

"Gentlemen:

"It appears that the above-named Frank J. O'Brien, who died on March 24, 1950, received social security benefits from August 1945 to the date of his death. At the time of his death, it appears that my client, the widow, Margaret O'Brien, filed a claim for reimbursement of funeral expenses only for the reason that she was advised that that was the only benefits for which she was eligible, inasmuch as the deceased husband had not supported her between the years of 1940 and 1950. However, there is proof that during this period, Mr. and Mrs. O'Brien were owners by entireties of a piece of real estate which was rented and that the husband paid over to her each month one-half of the rents. Mr. O'Brien was under no legal obligation to pay her any part of the rents from entireties property, but when he made such payment without legal obligation it would be presumed that such payment was on account of his legal obligation to support her as his wife.

"It would appear to me that her failure to receive the social security benefits to which she was entitled as his wife and widow was due to a mistake of fact and law upon her part and possibly a misunderstanding of the facts by the individual in your office who processed her claim.

"I, therefore, request that the matter be re-opened and further investigation for a former claim be made on her behalf for the accrued benefits on such form or forms as may be prescribed therefor.

"If you will advise me as to the proofs necessary to substantiate the claim, I will be pleased to submit the same in whatever form you may request.

"Her legal position is predicated upon the following:
"Husband entitled to rents and profits on real estate owned by the entireties.

| | |
|---|---|
| "Dickey v. Converse | 117 Mich. 449 [76 N.W. 80] |
| "Wuerth v. Wuerth | 270 Mich. 628 [259 N.W. 346] |
| "Dombrowski v. Gorecki | 291 Mich. 678 [289 N.W. 293] |
| "Arrand v. Graham | 297 Mich. 559 [298 N.W. 281; 300 N.W. 16, 136 A.L.R. 1206] |
| "Estate of Thomas | 341 Mich. 158 [67 N.W.2d 85]. |

"Re: Presumption that rental payments and proceeds of sale were on account of husband's obligation to support.
"19 A.L.R.2d. 862.

"Trusting that you will advise me regarding your requirements in the near future, I am

"Very truly yours,
"/s/   Richard J. Sullivan

"RJS:VR

"P.S.   Monthly rental was 125.00.   She received 62.50.
"RJS"

By decision dated April 10, 1958, the Bureau allowed Margaret O'Brien's claim effective May, 1956. In its disposition the Bureau advised her that

"no benefits can be paid to you based on your application for wife's benefits filed April 1, 1948, inasmuch as a determination cannot be revised after elapse of four years."

Thereafter, and on July 14, 1958, Margaret O'Brien sought a hearing and claimed that an imposition of a four-year statute of limitations was contrary to the statutory amendment of 1956 amending Section 111(b), August 1, 1956, C. 836, 42 U.S.C.A. § 405 note, and granting six months to and including February, 1957, for petition of reconsideration of prior decision.

A hearing was held April 14, 1959, resulting in a denial on August 14, 1959, of her claim. The referee decided that she was not entitled to benefits by reason of her application of April 1, 1948; that she was not entitled to widow's insurance benefits by reason of her application of April 28, 1950; and that she was not entitled to widow's insurance benefits prior to May, 1956.

The referee held (T 12) that

"The letter of January 15, 1957, was not a request for a hearing but a request for reconsideration. As Section 111 of the amendments of 1956 was limited solely to the extension of a claimant's right to a hearing, it had no application to her request for reconsideration."

The referee's decision was duly made the basis of a request for review on October 9, 1959, resulting again in denial on February 10, 1960. Within sixty days thereafter complaint was filed by Margaret O'Brien as plaintiff against Arthur S. Flemming, Secretary of Health, Education and Welfare as defendant. Defendant's answer together with a certified copy of the transcript of the entire proceedings was filed July 12, 1960.

Plaintiff has filed her motion for a summary judgment together with an alternative motion to remand for amendment of record and defendant has filed his motion for summary judgment.

The motions aforesaid were the next material developments. Plaintiff now relies on the applicability of Section 111 of the Social Security amendments of 1956, P.L. 880.* Section 111 as amended reads as follows:

"Sec. 111(a) Section 205(b) of the Social Security Act is amended by striking out the second sentence and inserting in lieu thereof the following: 'Upon request by any such individual or upon request by a wife, widow, former wife divorced, husband, widower, child, or parent who makes a showing in writing that his or her rights may be prejudiced by any decision the Secretary has rendered, he shall give such applicant and such other individual reasonable notice and opportunity for a hearing with respect to such decision, and, if a hearing is held, shall, on the basis of evidence adduced at the hearing, affirm, modify, or reverse his findings of fact and such decision. Any such request with respect to such a decision must be filed within such period after such decision as may be prescribed in regulations of the Secretary, except that the period so prescribed may not be less than six months aft-

---

* This reference is to Sec. 111 of the Social Security amendments of 1956 (P.L. 880—84th Congress, Chapter 836— Second Session; 70 Stat. 831).

Sec. 111(a) is now incorporated into 42 U.S.C.A. § 405(b).

Sec. 111(b) of the amendments of 1956 states the effective date of the amendments and provides that as to decisions made prior to the date of the amendments (August 1, 1956), there would be a six-month period for requests for hearing which would expire February 1, 1957.

This above Section 111(b) is only an enacting amendment which had a limiting factor which expired in 6 months. The letter of January 15, 1957, was written and filed during this six-month period.

er notice of such decision is mailed to the individual making such request.'

"(b) The amendment made by subsection (a) shall be effective upon enactment; except that the period of time prescribed by the Secretary pursuant to the third sentence of section 205(b) of the Social Security Act, as amended by subsection (a) of this Section, with respect to decisions notice of which has been mailed by him to any individual prior to the enactment of this Act may not terminate for such individual less than six months after the date of enactment of this Act."

Plaintiff contends that the letter of January 15, 1957, written by her attorney on her behalf came within the six-month period referred to in subdivision (b) of Section 111, the amendment being effective August 1, 1956.

Defendant concedes in his brief, page 16, that

"under paragraph (b), the foregoing Section 111 of the Social Security Act amendments of 1956 and revised Sec. 403.709(b) of regulations No. 3 (22 F.R. 637) promulgated pursuant thereto, the time within which plaintiff could have requested a hearing with respect to the Bureau's aforesaid determinations made in 1948 and 1950 was extended to February 1, 1957."

■ The issue therefore is whether the letter of January 15, 1957, constitutes such request as to be within the scope of Section 111.

Defendant says that the letter of January 15, 1957, cannot be construed as a request for hearing—that it is merely a request for reconsideration. In open court and upon the record defendant conceded that if the letter of January 15, 1957, is construed as a request for hearing, then plaintiff comes within Section 111(a) and (b) of the Social Security amendments of 1956. Defendant also says that the Bureau's determination that the letter is not sufficient as a request for hearing has been determined as a factual matter and that such determination precludes this Court's consideration.

■■ The court fully realizes that it is bound by the findings of the Bureau as to any fact supported by substantial evidence, but does not agree with defendant that the construction to be placed on the letter presents a factual issue. This is a problem in legal construction and this court holds as a matter of law that the letter of January 15, 1957, constitutes a sufficient request within the meaning and purpose of Section 111(a) and (b).

To hold otherwise would be to give a harsh, unfortunate and rigid interpretation to the section and would obviously avoid Congressional intention. Justice will not be tortured first and then destroyed on the rack of technicalities. There are such things as synonyms within the meaning and intent of the law and in this instance when a request was made for "reconsideration" it would convey to all reasonable persons the same plea for justice that a "rehearing" petition would mean.

Therefore, an order may be entered denying defendant's motion for summary judgment and granting plaintiff's motion remanding this cause to the Secretary of the Department of Health, Education and Welfare for computation according to law.